IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 31 2011

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

| | |
|---|---|
| CHRISTOPHER DANIEL GAY, <br><br> Petitioner, <br><br> v. <br><br> MR. PATRICK H. HEAD et al., <br><br> Respondents. | 1:11-cv-2505-WSD |
| CHRISTOPHER DANIEL GAY, <br><br> Petitioner, <br><br> v. <br><br> MRS. ADELE P. GRUBBS et al., <br><br> Respondents. | 1:11-cv-2510-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R"), which recommends dismissing Petitioner Christopher Daniel Gay's ("Petitioner") Petitions for Mandamus Relief in civil actions 1:11-cv-2505-WSD and 1:11-cv-2510-WSD (the "Petitions"). The Petitions are identical but Petitioner mailed them separately and the Clerk docketed them as separate civil actions. Because the Petitioners are identical the Magistrate

Judge issued a single R&R recommending their dismissal. Petitioner has not filed objections to the R&R.

## I. BACKGROUND

Petitioner is currently incarcerated in a Tennessee state prison. While serving his current sentence in August 2009, he was indicted in Cobb County, Georgia and a detainer was lodged against him with the Tennessee authorities. On August 24, 2009, pursuant to the Interstate Agreement on Detainers Act, Petitioner sought extradition to Georgia for trial on the Georgia charges. Petitioner contends the Georgia authorities were required to extradite him within 180 days and that they did not do so until 2011.

The R&R finds that after Petitioner's extradition to Cobb County, Petitioner pleaded guilty in May 2011 to two of the three counts of the indictment that was the subject of the detainer originally lodged against him in Tennessee. He received a four year sentence of imprisonment, running concurrently with other any other sentence Petitioner is now serving, and with credit for time served in jail or prison since August 24, 2009.

On July 29, 2011, Petitioner filed his Petitions in this Court against the Superior Court Judge and District Attorney in Cobb County who were involved in his sentencing. Petitioner seeks credit for the time he served in jail or prison while

awaiting extradition to Georgia, beginning on August 24, 2009. On August 5, 2011, the Magistrate issued the R&R and recommended dismissing both Petitions. The R&R notes that Petitioner received credit toward his Georgia sentence for the time he spent awaiting extradition, beginning August 24, 2009, and thus he has already received the relief he asks for in his Petitions. The R&R further notes that Petitioner seeks federal mandamus relief, which is not available against state courts or judicial officers. Finally, to the extent Petitioner seeks relief under 42 U.S.C. § 1983, the R&R concludes that Section 1983 is not available to challenge Petitioner's term of imprisonment. Petitioner instead would be required to file a petition for a writ of habeas corpus, which Petitioner cannot yet do because he has not exhausted his state court remedies. Petitioner has not filed any objections to the R&R's findings of fact or conclusions of law.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Petitioner has not objected to the R&R, the Court reviews the R&R for plain error.

B.  Discussion

Having reviewed the R&R for plain error and finding none, the Court agrees that the Petitions are required to be dismissed. By statute, a federal district court may only issue a writ of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb Cnty. Super. Ct., 474 F.2d 1275, 1276 (5th Cir.1973). Petitioner therefore cannot proceed under Section 1361.

Petitioner also cannot proceed under Section 1983 because he seeks to shorten his term of imprisonment. An action that seeks to challenge the fact or duration of a prisoner's confinement, which would result in immediate or speedier

release, must be brought as a petition for a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 481 (1994). The Court further agrees with the recommendation that, since it appears Petitioner has not exhausted his state remedies for challenging his state conviction, the Petitions should not be construed as petitions for habeas corpus under 28 U.S.C. § 2254.

Because Plaintiff appears to have obtained the relief he seeks (credit for the time served while awaiting extradition), and because Plaintiff has not brought claims that are cognizable under either 28 U.S.C. § 1361 or 42 U.S.C. § 1983, the Court adopts the Magistrate Judge's recommendations to dismiss the Petitions.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Petitions for Mandamus filed by Petitioner Christopher Daniel Gay in civil actions 1:11-cv-2505-WSD and 1:11-cv-2510-WSD are **DISMISSED**.

SO ORDERED this 31st day of October, 2011.

S/ WILLIAM S. DUFFEY, JR.
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE